Celso Antonio **DAVILA–DIAZ, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–72000.

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.*

Filed July 30, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Elizabeth Torres, Foss and Torres, Los Angeles, CA, for Petitioner.

David V. Bernal, Assistant Director, Jeffery R. Leist, Trial, Tracie Nicole Jones, Trial, DOJ—U.S. Department of Justice Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security San Francisco, CA, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

### MEMORANDUM **

Celso Antonio Davila–Diaz, a native and citizen of Guatemala, petitions for review

** This disposition is not appropriate for publication and is not precedent except as provid-

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review findings of fact for substantial evidence, *Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 n. 4 (9th Cir.2003), and we review due process claims de novo, *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We deny in part and dismiss in part the petition for review.

■ In his opening brief, Davila–Diaz fails to address and therefore has waived any challenge to the BIA's one-year bar finding. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

■ Substantial evidence supports the agency's conclusion that the anonymous threats Davila–Diaz received did not amount to persecution. *See Hoxha,* 319 F.3d at 1182. Further, substantial evidence supports the agency's conclusion that Davila–Diaz failed to establish a clear probability of persecution because his similarly situated family members remain unharmed in Guatemala, *see Hakeem v. INS,* 273 F.3d 812, 816–17 (9th Cir.2001), and because he failed to show he could not safely relocate within Guatemala, or that it would be unreasonable for him to do so, *see Knezevic v. Ashcroft,* 367 F.3d 1206, 1214–15 (9th Cir.2004); 8 C.F.R. § 1208.13(b)(2)(ii). Finally, the record does not compel the conclusion Davila–Diaz's withholding claim is based on a protected ground. *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Accordingly, Davila–Diaz's withholding of removal claim fails.

ed by 9th Cir. R. 36–3.

Substantial evidence also supports the agency's conclusion that Davila–Diaz is ineligible for CAT relief. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

■ Davila–Diaz's due process claim that the IJ erred by not considering a State Department report fails because Davila–Diaz did not submit the report to the IJ for consideration. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (petitioner must show error and substantial prejudice to prevail on a due process challenge). We do not consider Davila–Diaz's due process argument that the IJ erred in not forwarding his asylum application to the State Department because he failed to exhaust this argument before the agency. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**